UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

C.M.E., as Guardian on behalf of W.P.B.,

          Plaintiff,

  v.

SHORELINE SCHOOL DISTRICT,

          Defendant.

CASE NO. 2:19-cv-02019-RAJ-BAT

**REPORT AND RECOMMENDATION**

Before the Court is the motion to remand of Plaintiff, CME ("Parent") as guardian on behalf of W.P.B. ("Student"). Dkt. 7. Parent appeals a grant of summary judgment to Defendant Shoreline School District ("Shoreline SD") by the State of Washington Office of Administrative Hearings. Dkt. 11, Appendix A. Pursuant to 20 U.S.C 1415(i)(2), any party aggrieved by a final administrative decision may appeal by filing a civil action in a state superior court or federal district court of the United States. Parent filed her notice of appeal in the King County Superior Court. Shoreline SD removed the case based on the original jurisdiction of this Court and the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq. Dkt. 1.

Parent argues that the Washington State court is better equipped to hear this dispute because it is governed by Washington State homeschooling and special education laws, *i.e.*, RCW 28a.200.010 and RCW 28a.200.020. *Id.* However, because this action arises under IDEA and removal to this Court was proper based on original federal question jurisdiction, the undersigned recommends that the motion to remand be denied.

REPORT AND RECOMMENDATION - 1

BACKGROUND

A detailed recitation of the facts underlying this dispute are set forth in the Order on Cross Motions for Summary Judgment dated December 2, 2019 by the Administrative Law Judge ("ALJ"), State of Washington Office of Administrative Hearings (For the Superintendent of Public Instruction). Dkt. 11, Appendix A. In summary, Parent requested that Student be evaluated for special education services in July 2019. *Id.*, Appendix A at p. 2, ¶ 6. Section §1414(a)(1)(A) of IDEA requires school districts to conduct a full and individual evaluation of a student prior to providing special education services. The District developed an initial evaluation plan, provided Parent with a prior written notice identifying the proposed evaluation areas, and requested Parent's written consent to the proposed initial evaluation. *Id.*, Appendix A at p. 2, ¶ 6; See 20 U.S.C. §1414(a)(1)(D)(i).

Parent signed and returned District's consent form but made several handwritten changes that limited the scope of her consent. *Id.*, Appendix A at p. 2, ¶ 7. After the District revised the scope of the proposed evaluation and presented these changes in a second written notice to Parent, she again signed the consent form with handwritten modifications limiting the scope of the proposed evaluation. *Id.* The District considered Parent's modified consent to be a refusal of consent because the modifications prevented the District from conducting a complete, appropriate evaluation under IDEA. *Id.*, Appendix A at p. 2-3, ¶ 7-8.

If a parent refuses to consent to an initial evaluation, 20 U.S.C. §1414(a)(1)(D)(ii) authorizes a school district to request a due process hearing under 20 U.S.C. §1415 to pursue the initial evaluation. The District requested a due process hearing under IDEA, seeking an order overriding Parent's refusal to consent to its proposed initial evaluation. *Id.*, Appendix A at p. 3, ¶ 8. Both the District and Parent filed motions for summary judgment in the administrative action.

REPORT AND RECOMMENDATION - 2

1  *Id.*, Appendix A at p. 3, ¶ 9. The ALJ Office granted the District's motion for summary judgment
2  and denied Parent's motion for summary judgment. *Id.*, Appendix A at p. 7.
3        Parent appealed the final decision by filing a civil action in King County Superior Court
4  in accordance with 20 U.S.C. § 1415(i)(2). Dkt. 11, Appendix B at p.1. In her appeal, Parent
5  contends "Shoreline SD does not have authority to consent override a homeschooled student for
6  the purpose of an initial evaluation under the IDEA and WAC 392-172A-03000, 4(c)."

## DISCUSSION

8        A civil action filed in a state court may be removed to federal court if the federal court
9  has original jurisdiction over the claim. 28 U.S.C. § 1441(a). District courts "have original
10 jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United
11 States." 28 U.S.C. § 1331. A claim arises under federal law if it satisfies the "'well-pleaded
12 complaint rule,' which provides that federal jurisdiction exists only when a federal question is
13 presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522
14 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (quoting *Caterpillar Inc. v. Williams*,
15 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987)). "The rule makes the plaintiff the
16 master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."
17 *Caterpillar*, 482 U.S. at 392. However, removal jurisdiction exists if "the action, though
18 ostensibly grounded solely on state law, is actually grounded on a claim in which federal law is
19 the exclusive authority." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 408, 101 S.Ct. 2424,
20 2433, 69 L.Ed.2d 103 (1981).
21       Here, the District filed a special education due process hearing request under IDEA.
22 IDEA is a federal law that ensures children with disabilities receive special education services.
23 20 U.S.C. § 1400; *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 748, 197 L. Ed. 2d 46 (2017).

1    IDEA accomplishes this objective by conditioning receipt of federal funds on a State's
2    commitment to follow IDEA's procedural and substantive requirements for providing a free
3    appropriate public education to children with certain physical and intellectual disabilities. *Id.*
4    When a disagreement arises regarding a student's receipt of a free appropriate public education
5    pursuant to IDEA, IDEA provides parents and school districts with the right to request an
6    administrative due process hearing to resolve the dispute. 20 U.S.C. § 1415(f )(1)(A). When a
7    party appeals the resulting administrative decision, the district courts of the United States have
8    jurisdiction of such actions brought under IDEA without regard to the amount in controversy. 20
9    U.S.C. § 1415(i)(3)(A).

10    Because the District's due process hearing request arose under IDEA and Parent appealed
11    the outcome of the due process hearing pursuant to 20 U.S.C. § 1415(i)(2), the complaint
12    contains a well-pleaded federal claim on its face. Removal was proper notwithstanding Parent's
13    reliance on Washington State homeschool laws as a defense to the District's due process hearing
14    request. Under the well-pleaded complaint rule, the presence of federal-question jurisdiction
15    depends on whether a federal question is presented on the face of the complaint and "[a] defense
16    is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet*, 522 U.S. at 475.

17    In addition, the state regulations applicable to this dispute concern implementation of
18    IDEA. The Washington legislature delegated authority to implement IDEA to the Office of the
19    Superintendent of Public Instruction (OSPI). RCW 28A.155.020; *Dowler v. Clover Park Sch.*
20    *Dist. No. 400*, 172 Wn.2d 471, 481, 258 P.3d 676 (2011) ("In Washington, IDEA is implemented
21    by OSPI according to the authority delegated to it by the legislature through chapter 28A.155
22    RCW."). Pursuant to that authority, OSPI has promulgated administrative regulations governing
23    the implementation of IDEA in Washington. *Dowler*, 172 Wn.2d at 481. But IDEA is the

REPORT AND RECOMMENDATION - 4

original source of the substantive and procedural rights that are implemented by the state's administrative regulations. *See*, *e.g.*, *Schaffer v. Weast*, 546 U.S. 49, 126 S. Ct. 528, 163 L. Ed. 2d 387 (2005) (It "leaves to the States the primary responsibility for developing and executing educational programs for handicapped children, [but] imposes significant requirements to be followed in the discharge of that responsibility.") (citing *Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 183, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).

Federal courts presented with similar motions have declined to remand appeals of special education due process decisions. *See*, *e.g.*, *Fayetteville Perry Local Sch. Dist. v. Reckers*, 892 F. Supp. 193, 199 (S.D. W.Va. 1995) (citing *Colin K. v. Schmidt*, 528 F. Supp. 355 (D.R.I. 1981) ("The Court can think of no compelling policy reasons for denying ... the right to remove the state appeal to this Court. Moreover, neither comity nor state court expertise weighs in favor of denying removal. Given the highly complex nature of special education of the handicapped, the state courts can certainly claim no greater expertise in determining what is an 'appropriate' special education than this court."); *Still v. DeBuono*, 927 F.Supp. 125 (S.D. N.Y. 1996) (denying remand of administrative appeal even when complaint did not explicitly invoke federal law, as "the petition refers to IDEA and is in fact predicated on rights and duties governed exclusively by IDEA and federal case law."). *See also*, *Shea v. Union Free Sch. Dist. of Massapequa*, 682 F. Supp. 2d 239 (E.D.N.Y. 2010) (motion to remand denied where plaintiffs alleged that the school district prevented the student from proper classification under IDEA, thus giving rise to questions related to IDEA's federal guarantee of rights.)

REPORT AND RECOMMENDATION - 5

# CONCLUSION

Based on the foregoing, the undersigned concludes that this action arises under federal law and therefore, removal to this Court was proper based on original federal question jurisdiction. Accordingly, Parent's motion to remand (Dkt. 17) should be denied.

# OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **February 3, 2020.** The Clerk should note the matter for **February 5, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed six (6) pages. The failure to timely object may affect the right to appeal.

DATED this 13th day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge