UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

C.M.E. O/B/O W.P.B.,

                Plaintiff,

v.

SHORELINE SCHOOL DISTRICT,

                Defendant.

CASE NO. 2:19-cv-02019-RAJ-BAT

**ORDER DENYING MOTION TO AMEND**

Before the Court is the motion to amend of Plaintiff C.M.E. ("Parent"). Dkt. 17. Defendant Shoreline School District ("the District") opposes Plaintiff's motion. Dkt. 23.[1] This matter is an appeal of an administrative decision overriding Parent's refusal to consent to an initial evaluation of Student for special education services under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400. Parent seeks to add claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, and Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794. For the reasons stated herein, the motion to amend is denied.

BACKGROUND

Background information regarding this appeal is summarized in the administrative decision appealed by Parent. Dkt. 11, Appendix A at page 5 (describing action as appeal of final

---

[1] The Court originally granted the motion to amend but withdrew the order to properly consider the District's response. *See* Dkt. 26 (motion to amend incorrectly noted).

ORDER DENYING MOTION TO AMEND - 1

administrative decision and identifying 20 U.S.C. § 1415 as the source of jurisdiction). This appeal arises out of Parent's refusal to consent to the District's proposed initial evaluation of Student for special education services. Dkt. #11, Appendix A at p. 3-4. Under the IDEA, if a parent refuses to consent to an initial evaluation, the District may request a due process hearing to pursue the initial evaluation. 20 U.S.C. § 1414(a)(1)(D)(ii). The District requested a due process hearing and sought an order overriding Parent's refusal to consent to its proposed initial evaluation. Dkt. 11, Appendix A at p. 4. The District and Parent filed motions for summary judgment. *Id*. The Office of Administrative Hearings granted the District's motion for summary judgment and denied Parent's motion for summary judgment. Dkt. 11, Appendix A at p. 8.

Parent appealed by filing a civil action in King County Superior Court in accordance with 20 U.S.C. § 1415(i)(2). Dkt. 2, Exh. A at p. 1. The District removed the action to this Court based on original subject matter jurisdiction. Parent filed a motion to remand this matter to superior court, which the Court denied on April 21, 2020. Dkt. 15. On May 20, 2020, the Court issued a schedule for the filing of briefs following the filing of the administrative record by the OSPI, Administrative Resource Services. Dkt. 18.

## DISCUSSION

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although this rule is applied with "extreme liberality," leave to amend may be denied "upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Med. Center of Southern Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011). The court considers five factors in determining whether leave to amend is appropriate: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended [his

or her] complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

The court need not consider all five factors, and "the consideration of prejudice to the opposing party. . . carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In the context of a motion to amend, prejudice means "'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (quoting *Deakyne v. Cmmsrs. Of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)).

The District contends that the proposed amendment will cause undue prejudice as it will increase the scope and need for discovery, result in additional and protracted litigation expenses, and will complicate and delay resolution of the administrative appeal, which is the subject matter of this lawsuit. Such delay will also prevent the District from providing needed special education services to Student as he is presently 20 years old and cannot receive special education services after the end of the school year in which he turns 21. 20 U.S.C. § 1412(a)(1)(A). Dkt. 23, p. 5.

The ALJ's order authorizes the District to conduct its proposed initial evaluation to determine Student's eligibility for special education services, a necessary step to provide Student with special education. Dkt. 11, Appendix A at p. 8. Student previously received special education during the 2018-19 school year until Parent revoked consent for his receipt of those services. Dkt. 11, Appendix A at p. 2-3. Until Parent's appeal of the administrative ruling is resolved, the District cannot proceed with an initial special education evaluation of Student. Additionally, Student is twenty years old and will no longer be eligible to receive special education under the IDEA after the end of the 2020-2021 school year. Dkt. 23, p. 3.

Parent previously urged this Court to remand her case to state court for a swift decision so that Student can return to school. Dkt. 7 at 4. Parent now responds that the District's concerns

ORDER DENYING MOTION TO AMEND - 3

of delay are moot because the District cannot provide the Student any services that he does not already have at home due to COVID-19 concerns, and that Student is presently homeschooling to complete his remaining Washington State high school graduation requirements. Dkt. 25. However, Parent does not address the District's concerns about additional litigation expense and undue complication of this matter. Parent essentially argues that the proposed claims, even if brought in a separate action, would be subject to consolidation with this case because the claims involve the same defendant and arise from the same set of facts. Dkt. 25. Parent is also involved in a second administrative appeal that is pending in the Office of Administrative Hearings (apparently dealing with the Student's prior IEPs). Dkt. 20. Although a decision in that appeal has not yet been issued, Plaintiff states she will file suit and move to consolidate that case also. Dkt. 25, p. 3.

At the outset, the Court notes there is no motion to consolidate pending. Although any separately filed lawsuit may ultimately be referred to the undersigned as a related case, such referral and/or any properly filed motion to consolidate must be considered at the time of filing. *See* Fed. R. Civ. P. 42 and LCR 42(a) and (b) (requiring parties to meet and confer). And, a motion to consolidate, like a motion to amend, will require the Court to consider whether the time and effort saved with consolidation outweighs any inconvenience, delay or expense.

Unquestionably, allowing the amendment to include the proposed ADA and Rehabilitation Act claims will result in increased costs, delay, and will complicate the prompt and fair adjudication of the administrative appeal at issue. The administrative appeal in this case implicates a purely legal question, *i.e.*, whether the IDEA requires the District to conduct an age appropriate transition assessment as part of its initial evaluation of Student for special education services. Dkt. 11, Appendix A, p. 5.

ORDER DENYING MOTION TO AMEND - 4

Under the IDEA, a district court must "receive the records of the administrative proceedings," "hear additional evidence at the request of a party," and "bas[e] its decisions on the preponderance of the evidence." 20 U.S.C. § 1415(i)(2)(C). Review of an administrative record is generally limited to the record before the administrative body. *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir.1995). If substantial evidence on the whole record supports the administrative determination, the district court must affirm. *Id*. The court must give "due weight" to the administrative decision and may not "substitute [its] own notions of sound educational policy for those of the school authorities which they review." *Board of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), *superseded by statute on other grounds, N.B. v. Hellgate Elementary Sch. Dist.*, 541 F.3d 1202 (9th Cir.2008).

The standard of review applicable to IDEA appeals contemplates this Court's expeditious resolution of the appeal of the administrative decision. "Since a disabled student's development cannot be put on hold for long periods of wrangling between his or her parents and the school district, an IDEA appeal presents the additional policy concern of resolving the dispute without undue delay lest the disabled student's best interests be compromised by the passage of too much time." *Fresno United School Dist. v. K.U. ex rel. A.D.U*., 980 F.Supp.2d 1160, 1176 (E.D. Cal., October 28, 2013).

On the other hand, ADA and Rehabilitation claims follow a more traditional litigation path and will require a separate and longer pretrial schedule to allow time for discovery, motions, and trial preparation. *See e.g.*, Fed. R. Civ. P. 16(b). Thus, the proposed new claims will require a pretrial schedule separate from that of the administrative appeal and would likely be stayed pending resolution of the administrative appeal to avoid any attempt to re-try the administrative

ORDER DENYING MOTION TO AMEND - 5

appeal contrary to 20 U.S.C. § 1415(i)(2). *See also*, *Pace v. Bogalusa City School Bd.*, 403 F.3d 272 (5th Cir. 2005) (While the IDEA does not foreclose claims under the ADA and § 504, so long as they are factually and legally distinct from an IDEA claim, the general principles of issue preclusion may be applied to preclude any redundancies.)

For these reasons, the Court denies the motion to amend (Dkt. 17). If Parent desires to proceed with the new ADA and Rehabilitation claims, she should assert those claims in a separate complaint.

DATED this 22nd day of June, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION TO AMEND - 6