UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

C.M.E. O/B/O W.P.B.,

    Plaintiff,

v.

SHORELINE SCHOOL DISTRICT,

    Defendant.

CASE NO. 2:19-cv-02019-RAJ-BAT

**ORDER GRANTING IN PART, MOTION FOR ADDITIONAL EVIDENCE**

This is an appeal of an administrative decision overriding the Plaintiff's ("Parent") refusal to consent to an initial evaluation of W.P.B. ("Student") for special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400. Before the court is Parent's motion for additional evidence; specifically, a copy of the age appropriate transition assessment ("January 2019 Assessment"[1]) that was prepared in connection with the Student's January 2019 Initial Evaluation Plan ("IEP"). Dkt. 12.

For the reasons explained herein, the Court concludes that Parent is entitled to a copy of the January 2019 Assessment.[2] However, Parent is not entitled to the discovery of other evidence outside of the administrative record, and/or discovery related to the development of any other

---

[1] The Court refers to the assessment as the January 2019 Assessment simply for consistency's sake as it is only known that the assessment was conducted for the January 2019 IEP.

[2] It is not known as this time if the January 2019 IEP and/or January 2019 Assessment are part of the OSPI administrative record, which is expected to be filed in this case.

ORDER GRANTING IN PART, MOTION
FOR ADDITIONAL EVIDENCE - 1

IEPs, other administrative proceeding or appeals, or "for issues included in the [proposed] Amended complaint."

Background

Student has received special education and related services from the District for years. His most-recent IEP was developed in January 2019 to cover: (i) placement in the District for the remainder of the 2018-2019 school year, and (ii) placement in homeschooling for the Fall 2019. Dkt. 11, Appendix A at p. 2 (ALJ December 2, 2019 Decision). In February, a part-time schedule was implemented at Parent's request and Parent revoked Student's placement in a transition program, but the January 2019 IEP remained unchanged and available to Student. *Id.*

On June 20, 2019, Parent revoked her consent for Student to receive special education services. The District advised Parent that she could refer the Student for an initial special education evaluation if she later wished the Student to again receive special education services. *Id.* Approximately three weeks later, Parent asked that Student be evaluated for special education services. Dkt. 11, Appendix A at p. 3. In response, the District proposed an initial evaluation, to include an age appropriate transition assessment, as required by the IDEA. *Id.; see also*, WAC 392-172A-03090(1)(k)(i). Parent objected to the age appropriate transition assessment and interview of Student and in response, the District requested a due process hearing to pursue the initial evaluation. *Id.*; *see also*, 20 U.S.C. § 1414(a)(1)(D)(ii).

The ALJ ruled that the Parent's refusal to consent to the assessment should be overridden as the District was "obligated to comprehensively evaluate the Student and specifically obligated to conduct an age appropriate transition assessment, …". Dkt. 11, Appendix A at 7.

Parent appealed the ALJ's November 2019 Decision by filing a civil action in King County Superior Court in accordance with 20 U.S.C. § 1415(i)(2). Dkt. 2, Exh. A at p. 1. The

ORDER GRANTING IN PART, MOTION
FOR ADDITIONAL EVIDENCE - 2

District removed the action to this Court based on original subject matter jurisdiction. Parent filed a motion to remand this matter to superior court, which the Court denied on April 21, 2020. Dkt. 15. On May 20, 2020, the Court issued a schedule for the filing of briefs following the filing of the administrative record by the OSPI. Dkt. 18.

On May 21, 2020, Parent filed a notice of pendency of OSPI Docket No. 06-2019-OSPI-00796, Cause 2019-SE-0090. This is a second administrative, in which a final ALJ decision has not yet issued, relates to Student's homeschooling and Parent's request for a "targeted initial evaluation based on using current data" from Student's part-time enrollment in the District in the Spring of 2019. Dkt. 19 at 2. Although the District agreed to use current data, it demanded a new age appropriate transition assessment because the last assessment conducted in October 2017 was too old. *Id.* However, on April 16, 2020, during the oral testimony of Dr. Scott Irwin in the pending administrative proceeding, Parent learned for the first time, that the District had conducted an "informal" age appropriate transition assessment for the January 2019 IEP. Thus, it is Parent's position that the District already had a current assessment to construct Student's new IEP for homeschooling. Dkt. 19 at p. 20.

The District contends that any decisions relating to the development of Student's January 2019 IEP are not relevant to the appropriateness of the District's proposed initial evaluation of Student in September 2019 and in addition, the adequacy of the Student's IEPs are already being challenged in the pending administrative proceeding. Dkt. 27 at 5. The Court agrees that issues relating to the adequacy of prior IEPs are not relevant. However, Parent does not merely seek "discovery related to the development" of the January 2019 IEP. Instead, Parent contends that the January 2019 Assessment was purposefully omitted from summary judgment proceedings related to the District's need for an age appropriate transition assessment of Student in

September 2019. Therefore, the Court concludes that it is relevant to this appeal.

## Discussion

A.     Standard of Review

Under the IDEA, a district court must "receive the records of the administrative proceedings," "hear additional evidence at the request of a party," and "bas[e] its decisions on the preponderance of the evidence." 20 U.S.C. § 1415(i)(2)(C). Review of an administrative record is generally limited to the record before the administrative body. *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir.1995). If substantial evidence on the whole record supports the administrative determination, the district court must affirm. *Id*. The court must give "due weight" to the administrative decision and may not "substitute [its] own notions of sound educational policy for those of the school authorities which they review." *Board of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), *superseded by statute on other grounds*, *N.B. v. Hellgate Elementary Sch. Dist*., 541 F.3d 1202 (9th Cir.2008).

Not all evidence is "additional evidence" under the IDEA. *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004 (9th Cir. 2011). The district court need not consider evidence that merely duplicates or embellishes the evidence taken at the administrative hearing and should not admit evidence that alters "'the character of the hearing from one of review to a trial de novo.'" *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993), *cert. denied*, 513 U.S. 825 (1994) (quoting *Town of Burlington v. Dep't of Educ*., 736 F.2d 773, 791 (1st Cir. 1984)). For example, a party might wish to supplement the record due to "'gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and

evidence concerning relevant events occurring subsequent to the administrative hearing." 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 791). The proper inquiry is whether such evidence is 'relevant, noncumulative, and otherwise admissible.'" *D.M. v. Seattle Sch. Dist.*, 170 F.Supp.3d 1328, 1333 (W.D. Wash. 2016).

B.  <u>The January 2019 Assessment is Relevant</u>

The ALJ refers to the January 2019 IEP in her findings of facts in the November 12, 2019 decision but does not refer to any age appropriate transition assessment conducted in connection with that IEP. Dkt. 11, Appendix A at p. 1. Parent states that she did not know that an assessment had been conducted in support of the January 2019 IEP until Dr. Irwin's April 2020 testimony.

The Court cannot determine, based on the current record, if the January 2019 Assessment, which Dr. Irwin referred to as an "informal assessment," is contained within the January 2019 IEP. At this juncture, it is also not possible to conclude that the January 2019 Assessment is solely relevant to the second administrative proceeding (*i.e.*, Parent's request for a new IEP for Student's placement in homeschooling) or is also relevant to this appeal (*i.e.*, Parent's refusal to consent to a new IEP, including an age appropriate transition assessment, for special education services). Parent contends however, that the District "purposely omitted in their Summary Judgement motions that they had performed an Age Appropriate Transition Assessment in January 2019 which is the sole issue of the original case that is being appealed." Dkt. 19 at 4. Therefore, Parent is entitled to a copy of the January 2019 Assessment.

Parent also contends that she needs "to introduce additional evidence for issues included in the Amended complaint." Dkt. 19 at 4. On June 2, 2020, the court denied Parent's motion for leave to file an amended complaint. Dkt. 28. Therefore, Parent is not entitled to discovery related to any issues outside of the original complaint in this case.

ORDER GRANTING IN PART, MOTION
FOR ADDITIONAL EVIDENCE - 5

C.      Local Rule 7(b)(1)

The District argues that Parent's motion for additional discovery should be denied because the motion requires consideration of facts not appearing of record (*i.e.*, the facts of the separate administrative proceeding). Dkt. 27 at 3. However, the age assessment sought by Parent presumably would have been created for the January 2019 IEP that is referred to in the ALJ's decision in this case and may be relevant to whether the District met its obligation to conduct an age appropriate transition, *see* Dkt. 11, Appendix A.

Accordingly, it is **ORDERED**:

1)      Parent's motion to compel discovery (Dkt. 19) is **granted in part**; the District is directed to send a copy of the January 2019 Assessment to Parent **by June 19, 2020**.

2)      Parent's motion to compel discovery (Dkt. 19) is **denied in all other aspects.**

DATED this 12th day of June, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge